IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY D. JUSTICE, II, | : |
|     Plaintiff, | : Case No. _____ |
| v. | : JURY TRIAL DEMANDED |
| DICERNA PHARMACEUTICALS INC., DOUGLAS M. FAMBROUGH III, J. KEVIN BUCHI, STEPHEN DOBERSTEIN, MARTIN FREED, PATRICK GRAY, STEPHEN J. HOFFMAN, ADAM M. KOPPEL, MARC KOZIN, and CYNTHIA SMITH, | : COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934 |
|     Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

**NATURE OF ACTION**

1. On November 18, 2021, Dicerna Pharmaceuticals Inc. ("Dicerna" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") with Novo Nordisk A/S ("Parent") and NNUS New Research, Inc. ("Purchaser") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Purchaser commenced a tender offer (the "Tender Offer") to purchase Dicerna's outstanding common stock for $38.25 in cash per share. The Tender Offer is set to expire on December 23, 2021.

3. On November 24, 2021, defendants filed a recommendation statement (the "Recommendation Statement") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Recommendation Statement fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 15 U.S.C. § 78aa because the Recommendation Statement, which plaintiff alleges to be materially false and misleading, was transmitted by defendants into this District, including to plaintiff, who resides in this District. *See, e.g., Wojtunik v. Kealy*, 2003 WL 22006240, at *5-6 (E.D. Pa. Aug. 26, 2003).

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of Dicerna common stock.

9. Defendant Dicerna is a Delaware corporation. Dicerna's common stock is traded on the NASDAQ under the ticker symbol "DRNA."

10. Defendant J. Kevin Buchi is Chairman of the Board of Directors of Dicerna (the "Board").

11. Defendant Stephen Doberstein is a member of the Board.

12. Defendant Martin Freed is a member of the Board.

13. Defendant Patrick Gray is a member of the Board.

14. Defendant Stephen J. Hoffman is a member of the Board.

15. Defendant Adam M. Koppel is a member of the Board.

16. Defendant Marc Kozin is a member of the Board.

17. Defendant Cynthia Smith is a member of the Board.

18. Defendants identified in ¶¶ 10-17 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

19. Dicerna is a biopharmaceutical company focused on discovering, developing, and commercializing medicines that are designed to leverage ribonucleic acid interference to silence selectively genes that cause or contribute to disease.

20. On November 17, 2021, Dicerna entered into the Merger Agreement.

21. The press release announcing the Proposed Merger provides as follows:

Dicerna Pharmaceuticals, Inc. (Nasdaq: DRNA) today announced that it has entered into a definitive agreement with Novo Nordisk under which Novo Nordisk will acquire Dicerna, a biopharmaceutical company focused on the development of investigational ribonucleic acid interference (RNAi) therapeutics, for $38.25 per share in cash, which represents a total equity value of $3.3 billion and a premium of 80% to Dicerna's closing price on November 17, 2021. The transaction was unanimously approved by the Dicerna Board of Directors and the Board of Directors of Novo Nordisk.

Novo Nordisk and Dicerna have been parties to a research collaboration since 2019 to discover and develop RNAi therapies using Dicerna's proprietary GalXC™ RNAi platform technology. The collaboration between Novo Nordisk and Dicerna encompassed the exploration of more than 30 liver cell targets with the potential to deliver multiple clinical candidates for disorders including chronic liver disease, non-alcoholic steatohepatitis (NASH), type 2 diabetes, obesity and rare diseases. Novo Nordisk expects to initiate clinical development of the first investigational RNAi therapeutic to emerge from this collaboration in 2022.

Dicerna's RNAi technology platform enables access to intracellular disease targets across hepatic and extrahepatic cell and tissue types, complementing Novo Nordisk's existing technology platforms. This acquisition supports Novo Nordisk's strategy of developing and applying a broad range of technology platforms across all Novo Nordisk therapeutic areas.

"The acquisition of Dicerna accelerates Novo Nordisk's research within RNAi and expands the usage of the RNAi technology," said Marcus Schindler, Executive Vice President and Chief Scientific Officer of Novo Nordisk. "We build on our successful collaboration and by combining Dicerna's state-of-the-art RNAi drug engine and intracellular delivery with our deep capabilities in disease biology understanding and tissue targeting through peptides and proteins we have the potential to expand our pipeline and deliver life-changing precision medicines for people living with chronic diseases such as diabetes, obesity, cardiovascular disease and NASH, as well as rare diseases like endocrine disorders and bleeding disorders."

"Since the start of our collaboration two years ago, the Dicerna and Novo Nordisk teams have established a strong rapport built on a foundation of mutual respect for one another's capabilities, culture and expertise," said Douglas Fambrough, Ph.D., Founder, President and Chief Executive Officer of Dicerna. "The combination of Dicerna's expertise in RNAi and oligonucleotide therapeutics and highly skilled employees with Novo Nordisk's industry leadership in developing and commercializing medicines to treat serious chronic diseases, has the potential to significantly accelerate and expand our mission to deliver GalXC RNAi therapies for the benefit of patients and all our stakeholders."

Under the terms of the agreement, Novo Nordisk, through a subsidiary, will initiate a tender offer to acquire all outstanding shares of Dicerna common stock at a price of $38.25 per share in cash. The closing of the tender offer will be subject to certain conditions, including the tender of shares representing at least a majority of the total number of Dicerna's outstanding shares, the expiration of the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act and other customary conditions. Upon the successful completion of the tender offer, Novo Nordisk's acquisition subsidiary will be merged into Dicerna, and any remaining shares of common stock of Dicerna will be cancelled and converted into the right to receive the same $38.25 per share price payable in the tender offer. The transaction is expected to close in the fourth quarter of 2021.

Novo Nordisk is represented by Evercore as exclusive financial advisor and Davis Polk & Wardwell LLP as legal advisor. For Dicerna, Centerview Partners LLC is acting as lead financial advisor, SVB Leerink is acting as financial advisor, and Skadden, Arps, Slate, Meagher & Flom LLP and Goodwin Procter LLP are acting as legal advisors.

22.     On November 24, 2021, defendants filed the Recommendation Statement, which

fails to disclose material information regarding the Proposed Merger.

### Financial Projections

23. The Recommendation Statement fails to disclose material information regarding Dicerna's financial projections, specifically: the line items underlying the financial projections.

### Financial Analyses

24. The Recommendation Statement fails to disclose material information regarding the financial analyses conducted by Centerview Partners LLC ("Centerview") and SVB Leerink ("SVB").

25. Regarding Centerview's Discounted Cash Flow Analysis, the Recommendation Statement fails to disclose: (i) the terminal values; (ii) the inputs and assumptions underlying the discount rates and perpetuity growth rate utilized by Centerview; and (iii) the number of fully diluted outstanding shares utilized by Centerview.

26. Regarding Centerview's Analyst Price Target Analysis, the Recommendation Statement fails to disclose: (i) the price targets utilized by Centerview; and (ii) the sources of the price targets.

27. Regarding SVB's Discounted Cash Flow Analysis, the Recommendation Statement fails to disclose: (i) the terminal values; and (ii) the inputs and assumptions underlying the discount rates and perpetuity growth rate utilized by SVB.

## COUNT I

**Claim Against Defendants for Violation of Section 14(e) of the Exchange Act**

28. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

29. Section 14(e) of the Exchange Act states:

> It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

30. Defendants disseminated the misleading Recommendation Statement, which contained statements that, in violation of Section 14(e) of the Exchange Act, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not misleading.

31. The Recommendation Statement was prepared, reviewed, and/or disseminated by defendants.

32. The Recommendation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

33. By virtue of their positions within the Company and/or roles in the process and the preparation of the Recommendation Statement, defendants were aware of this information and their duty to disclose this information in the Recommendation Statement.

34. The omissions in the Recommendation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares.

35. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

36. Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Recommendation Statement, causing statements therein to be materially incomplete and misleading.

37. Accordingly, defendants violated Section 14(e) of the Exchange Act.

38. Plaintiff is threatened with irreparable harm and has no adequate remedy at law.

## COUNT II

### Claim Against Defendants for Violation of 14(d) of the Exchange Act

39. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

40. Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

41. Rule 14d-9(d) states:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

42. Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

43. The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Recommendation Statement false and/or misleading.

44. Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and misleading.

45. The omissions in the Recommendation Statement are material to plaintiff, and he will be deprived of his entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of

the Tender Offer.

46. Plaintiff has no adequate remedy at law.

## COUNT III

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

47. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

48. The Individual Defendants acted as controlling persons of Dicerna within the meaning of Section 20(a) of the Exchange Act as alleged herein.

49. Due to their positions as directors of Dicerna and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

50. Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

51. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, thus, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

52. The Recommendation Statement contains the unanimous recommendation of the

Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Recommendation Statement.

53. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

54. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

55. Due to their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.

56. Plaintiff is threatened with irreparable harm and has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment and relief against defendants as follows:

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to file a Recommendation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the Exchange Act and Rule 14a-9;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F.  Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated:  December 6, 2021

**GRABAR LAW OFFICE**

By: _____
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*